1

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT FOR THE

7                    EASTERN DISTRICT OF CALIFORNIA

8

9   THE FORTY-NINER LEASE,          )        No. CV-F-07-406 OWW/WMW
    RICHARD E. WILMSHURST, AND      )
10  ALAN H. CORELL,                 )        ORDER GRANTING DEFENDANT'S
                                    )        MOTION TO DISMISS WITH LEAVE
11                                  )        TO AMEND (Doc. 5) AND
                                    )        DIRECTING PLAINTIFFS TO FILE
12                                  )        FIRST AMENDED COMPLAINT
                                    )        WITHIN 30 DAYS OF FILING
13                  Plaintiff,      )        DATE OF ORDER
                                    )
14           vs.                    )
                                    )
15                                  )
    THE DEPARTMENT OF               )
16  TRANSPORTATION, an agency of    )
    THE STATE OF CALIFORNIA,        )
17                                  )
                                    )
18                  Defendant.      )
19                                  )
    _____)

20

21       Richard E. WILMSHURST, proceeding *in pro per*, and purporting

22  to act on behalf of himself, The Forty-Niner Lease, and Alan H.

23  Corell, has filed a "Complaint for a Preliminary Injunction, For

24  Procedural Due Process Violations in Hearing Process for

25  Determining the Location and Access to a State Highway, Violation

26  of Express Promises of Access and Failure to Consider the Highest

                                    1

1  and Best Use to Financially Benefit the Community of the City of

2  Angels for Blocked Commercial Property" pursuant to 42 U.S.C. §

3  1983.   Defendant is the Department of Transportation of the State

4  of California (hereafter Cal-Trans).   Jurisdiction is alleged

5  pursuant to 28 U.S.C. §§ 1391-1392 "et seq."

6      The Complaint alleges that Plaintiffs are residents of

7  Angels Camp, California and are collectively referred to as 49er.

8  The Complaint alleges:

9          1.   A bypass of the downtown area of the CITY
           OF ANGELS was first in the planning stages in
10         the early 1940's.   At that time the business
           community did not want to lose the business
11         traffic that was going to Big Trees State
           Park and Nevada following Highway #4.
12
           2.   Cal-Trans agreed to put in a new bridge
13         in downtown Angels.   This modification in the
           Highway plan left the bypass planning in
14         limbo until approximately 1989 when Highway #
           4 was moved to its present location.   At that
15         time Highway # 4 coming from Stockton was
           designed to meet Highway # 49 where Highway
16         #4 presently meets Highway # 49.

17         3.   When moving Highway # 4 North was first
           considered in the 1940's the new Highway was
18         planned to bypass Angels Camp.   Since that
           planning took place, over sixty (60) years
19         ago, the small town of Altaville voted to
           become part of the City of Angels by
20         annexation.   Since that time a good part of
           the new business area has moved north and the
21         new Highway no longer bypasses the City of
           Angels.   Cal-Trans has designed the new
22         roadway to divide the new commercial area.

23         4.   Over the years, Cal-Trans has had public
           hearings to show the community three plans of
24         crossing the City of Angels to meet Highway
           #4 coming west from Vallecito.
25
           5.   In 2000 Cal-Trans developed the **Angels
26         Camp Bypass Community Impact Assessments**.   In

2

1 the publication Cal-Trans promised to provide
all property owners who would have landlocked
2 parcels new access.  49ER contacted Cal-Trans
in May of 2006, when it learned of Cal-Trans
3 positive decision not to honor its new access
promise.  A true copy of May, 2006 letter to
4 Cal-Trans and a true copy of said publication
regarding Cal-Trans promise to property
5 owners is attached hereto as Exhibit 1.

6 6.   In the last few years of the new Highway
#4 project, Cal-Trans failed to hold Public
7 hearings as it changed and modified highway
location and access.  In later years Cal-
8 Trans substituted open house meetings at the
Angels Firehouse.  Maps and presentations
9 were made by Cal-Trans, however, no **public
hearings** were held.

10

 7.   Cal-Trans [sic] current plans propose
11 that new Highway #4 will go through the
center of nearly fourteen (14) acres that
12 adjoin Highway # 49 at its present signaled
crossing.  49ER does not object to the Cal-
13 Trans purchasing the right-of-way through
49ER's property.  The new Highway # 4 problem
14 evolves from not providing business access to
the five acre parcel to the north, nor the
15 seven and one-half acre parcel to the south.

16 8.   Plaintiffs bring this lawsuit because
Cal-Trans [sic] decision in not allowing
17 access to the southern seven and one-half
[sic] would prevent 49ER from building a
18 three franchise car dealership on that
parcel.  The failure of not having the new
19 vehicle dealerships on the seven and one-half
acre parcel would greatly reduce the sales
20 tax revenues for the City of Angels.  49ER
would estimate over the years the City of
21 Angels would lose millions of sales tax
revenues.  The City and County would also
22 lose a large amount of advalorem [sic] tax on
the new vehicle dealership building and land
23 value.  Cal-Trans [sic] current proposed
actions conflict with the promises they made
24 to the people of the City of Angels.

25  As the First Claim for Relief, the Complaint alleges that

26 Cal-Trans "violated the Federal Civil Rights of Plaintiff's [sic]

3

1  by not holding public hearings when changes were made in the

2  location and access in the new Highway # 4 project" and prays

3  that "the Court enjoin the Highway # 4 project and require Cal-

4  Trans to hold public hearings allowing the community to review

5  and hold public discussions on the changes in the project for

6  which public hearings were not held."

7        The Second Claim for Relief alleges that Cal-Trans "violated

8  its promise to Plaintiff's [sic] that new access would be provide

9  [sic] all property owners who's [sic] property was landlocked"

10  and prays that the Court "order Cal-Trans to provide access from

11  the new Highway # 4 to the five and seven and one-half acre

12  parcels designed to accommodate the new vehicle dealerships to be

13  built on the properties."

14        The Third Claim for Relief alleges:

15            Cal-Trans is violating the Fifth Amendment
              rights of Plaintiff's [sic] in not allowing
16            the commercial development of the seven and
              one-half acre parcel that will provide the
17            City of Angels. [sic] Although the
              development of the 49ER property is private
18            it meets the public use requirements of the
              Fifth Amendment.

19
              Plaintiff's [sic] request that this Court
20            order Cal-Trans to dismiss its suits, **THE
              POPLE** [sic] **OF THE STATE OF CALIFORNIA vs.**
21            **RICHARD WIMSHURST AND ALAN CORELL, et al.,**
              **Calaveras County Superior Court No. CV32956**
22            **and THE PEOPLE OF THE STATE OF CALIFORNIA vs.**
              **THE 49ER LEASE, et al.,** Calaveras County
23            Superior Court No. CV 32890.  These suits in
              eminent domain violate Plaintiff's fifth
24            Amendment [sic] right to use the property,
              not a part of the new Highway #4 proposed
25            right-of-way, in the highest and best use
              that will support the viability of the City
26            of Angels.

                                4

1    **A.   Motion to Dismiss**.

2        Cal-Trans moves to dismiss this action for lack of subject

3    matter jurisdiction pursuant to Rule 12(b)(1), Federal Rules of

4    Civil Procedure, on the ground that a suit in which a state or

5    one of its agencies is named as defendant is barred by the

6    Eleventh Amendment to the United States Constitution.

7        The Eleventh Amendment provides:

8            The Judicial power of the United States shall
             not be construed to extend to any suit in law
9            or equity, commenced or prosecuted against
             one of the United States by Citizens of
10           another State, or by Citizens or Subjects of
             any Foreign State.
11
     Claims under § 1983 are limited by the scope of the Eleventh
12
     Amendment.  *Doe v. Lawrence Livermore Nat. Laboratory,* 131 F.3d
13
     836, 839 (9th Cir.1997).  "States or governmental agencies that
14
     are considered 'arms of the State' for Eleventh Amendment
15
     purposes" are not "persons" under Section 1983.  *Will v. Michigan*
16
     *Dep't of State Police*, 491 U.S. 58, 70 (1989).
17
         Plaintiffs acknowledge that the Eleventh Amendment bars
18
     claims against the State for damages.  Plaintiffs, relying on *Ex*
19
     *parte Young*, 209 U.S. 123 (1908), contend that this action is not
20
     barred by the Eleventh Amendment because the Complaint prays for
21
     a prospective injunction "to require CDT to hold the required
22
     public hearings to advise the community and receive live comments
23
     on CDT's proposed changes in its final highway plan."
24
         Plaintiffs' position is without merit.  As explained in
25
     *Buchwald v. University New Mex. School of Medicine*, 159 F.3d 487,
26

                                  5

1    495-496 (10ᵗʰ Cir.1998), a case cited by Plaintiffs:

2              *Ex parte Young* recognizes an exception to
             Eleventh Amendment immunity under which a
3            state officer may be enjoined from 'taking
             any steps towards the enforcement of an
4            unconstitutional enactment, to the injury of
             complainant.'  209 U.S. at 159.  The
5            exception enables federal courts 'to
             vindicate federal rights and hold state
6            officials responsible to "the supreme
             authority of the United States."' *Pennhurst*
7            *State Sch. & Hosp. v. Halderman*, 465 U.S. 89,
             105 ... (1984) ... The *Ex parte Young*
8            exception, however, is a narrow one.  First,
             there must be an 'ongoing violation of
9            federal law.' ... Second, '[i]t applies only
             to prospective relief' and may not be used to
10           obtain a declaration that a state officer has
             violated a plaintiff's federal rights in the
11           past.  *Puerto Rico Aqueduct v. Metcalf &*
             *Eddy, Inc.*, 506 U.S. 139, 146 ... (1993).
12           Finally, it 'has no application in suits
             against the States and their agencies, which
13           are barred regardless of the relief sought.'
             *Id.*

14
         Here, the Complaint names no state official as a defendant.
15
     Rather, it names the Department of Transportation, which is an
16
     arm of the state entitled to Eleventh Amendment immunity.  *See*
17
     *Natural Resources Defense Council v. California Dept. of*
18
     *Transportation*, 96 F.3d 420, 422-423 (9ᵗʰ Cir.1996).  Therefore,
19
     as pleaded, the Eleventh Amendment bars this action.
20
         At the hearing, Plaintiff Wilmshurst represented that Cal-
21
     Trans is associated with the United States Department of
22
     Transportation (DOT) in connection with the highway project
23
     alleged in the Complaint and that, therefore, the Eleventh
24
     Amendment does not bar this action.  Plaintiff Wilmshurst
25
     requested leave to amend to add the DOT as a party defendant.
26

                                    6

1     28 U.S.C. § 1653 provides that "[d]efective allegations of

2  jurisdiction may be amended, upon terms, in the trial or

3  appellate courts."  The statutory language "suggests that it

4  addresses only incorrect statements about jurisdiction that

5  actually exists, and not defects in the jurisdictional facts

6  themselves."  *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S.

7  826, 831 (1989).  *Newman-Green* refused to interpret Section 1653

8  as "empower[ing] federal courts to amend a complaint so as to

9  produce jurisdiction where none actually existed before."  *Id.*

10 "The unequivocal rule of *Newman-Green* is that section 1653 does

11 not authorize the addition or elimination of parties in order to

12 create jurisdiction where jurisdiction does not exist."  *Mills v.*

13 *State of Maine*, 118 F.3d 37, 53 (1st Cir.1997)(rejecting attempt

14 to add party in an effort come within scope of *Ex Parte Young*

15 doctrine).  *See also Whitmire v. Victus Ltd.*, 212 F.3d 885, 888

16 (5th Cir.2000):

17         '[A] district court's power to authorize
           amendments to cure a competence problem under
18         section 1653, and by extension under Rule
           15(a), turns on the nature of the
19         jurisdictional defect.' ... While a district
           court can 'remedy inadequate jurisdictional
20         allegations,' it cannot remedy 'defective
           jurisdictional facts.' ... The danger against
21         which a court must guard is that a party will
           attempt to use § 1653 to retroactively create
22         subject matter jurisdiction ... The cause for
           this concern is readily apparent: 'never
23         having had power to act in the matter, the
           court never had authority to permit an
24         amendment to the complaint.' ....

25         Accordingly, courts have rejected attempts to
           add new claims to satisfy the amount in
26         controversy necessary for diversity

7

1

2

> jurisdiction ..., or add new parties to their
> case to preserve a federal forum ....

*See also* Moore's Federal Practice § 15.14[3], at 15-34 (3ʳᵈ

3

4

ed.1999):

> Essentially, a plaintiff may correct the
> complaint to show that jurisdiction does in
> fact exist; however, if there is no federal
> jurisdiction, it may not be created by
> amendment.

5

6

7

8

The Ninth Circuit, however, holds that dismissal based on

9

Eleventh Amendment immunity is not a dismissal for lack of

10

subject matter jurisdiction, instead rests on an affirmative

11

defense.  *Miles v. State of California*, 320 F.3d 986, 989-990

12

(9ᵗʰ Cir.2003), citing *Hill v. Blind Indus. and Serv. of Md.*, 179

13

F.3d 754, 762 (9ᵗʰ Cir.1993), *amended on other grounds*, 201 F.3d

14

1186 (9ᵗʰ Cir.2000).  Consequently, Plaintiffs are not barred

15

from amending the Complaint to add the DOT as a party.[1]

16

## B.   Plaintiffs' Pro Se Status.

17

Although the Complaint named Richard Wilmshurst and Alan

18

Corell as plaintiffs proceeding *in pro per*, the Complaint was

19

signed only by Mr. Wilmshurst.  The opposition to Cal-Trans

20

motion to dismiss was signed only by Mr. Wilmshurst "J.D. Pro

21

se".  It is unclear whether Mr. Wilmshurst is an attorney

22

licensed to practice in the State of California.  Plaintiffs are

23

advised that Rule 83-183(a), Local Rules of Practice, provides in

24

25

26

---

[1]In dismissing the Complaint with leave to amend, no opinion is expressed whether the Amended Complaint will state a claim upon which  relief  can  be  granted  or  whether  other  immunities  or affirmative defenses will bar this action or the relief sought.

8

1 pertinent part:

2          Any individual who is representing himself or
           herself without an attorney must appear
3          personally or by courtesy appearance by an
           attorney admitted to the Bar of this Court
4          and may not delegate that duty to any other
           individual, including husband or wife, or any
5          other party on the same side appearing
           without an attorney.

6

7 "Although a non-attorney may appear in propria persona in his own

behalf, that privilege is personal to him ... He has no authority

8

to appear as an attorney for others than himself." C.E. Pope

9

Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).

10

If Mr. Wilmshurst is not an attorney licensed to practice, he may

11

not represent Mr. Corell in this action, may not sign pleadings

12

on his behalf, or appear for him in this action.

13

      Further, Rule 83-183(a) provides that "[a] corporation or

14

other entity may appear only by an attorney."  The status of the

15

Forty-Niner Lease is not described in the Complaint.  However, if

16

the Forty-Niner Lease is a corporation or other entity, the

17

Forty-Niner Lease may not proceed as a plaintiff in this action

18

in the absence of an attorney.

19

**CONCLUSION**

20

      For the reason set forth above:

21

      1.   Defendant's motion to dismiss is GRANTED WITH LEAVE TO

22

AMEND;

23

      2.   Plaintiffs shall file a First Amended Complaint in

24

accordance with this Order within 30 days of the filing date of

25

this Order.  Failure to timely comply will result in the

26

1  dismissal of this action.

2      IT IS SO ORDERED.

3  **Dated:    May 11, 2007**              **/s/ Oliver W. Wanger**
                                       UNITED STATES DISTRICT JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26